UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THOMAS UCCI, Individually, and as M.U. Parent and Legal Guardian of RRR, a Minor, Plaintiff | : : : : |
| V. | : : C.A. No. 15- |
| CRANSTON PUBLIC SCHOOLS, alias, CRANSTON PUBLIC SCHOOL COMMITTEE,: Defendant | : : : **Jury Trial Demanded** : |

VERIFIED COMPLAINT

### I.   Introductory Statement

This action is brought by the Plaintiff seeking declaratory and injunctive relief and compensatory damages for acts and/or omissions of Defendant in violation of Plaintiff's right to "stay put" in the last agreed upon placement delineated in M.U.'s (hereinafter the "Student") Individual Education Plan ("IEP") pursuant to 20 U.S.C. § 1415 (j), 34 C.F.R. § 300.518(a); and § 300.518(a) of the State of Rhode Island Board of Regents for Elementary and Secondary Education Regulations Governing the Education of Children with Disabilities (BRESE-Regs).

### II.   Parties

1   Plaintiff Thomas Ucci, is one of two parents and legal guardians of minor the Student who is presently residing, and has at all times relevant resided, in North Kingstown, Rhode Island.

2   Defendant Cranston Public Schools, alias, Cranston Public School Committee is a legal entity lawfully established by the City of Cranston, Rhode Island, having its principal offices located within that City.

### III.  Jurisdiction

3   This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 1367, 2201 and 2202, and 20 U.S.C. § 1400 et seq., and its governing regulations.

### IV.  Venue

4   Venue is proper in this Court since, on information and belief, Defendants reside in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391. Venue is also proper because a substantial part of the events or omissions giving rise to the claims occurred in the District of Rhode Island.

### V.  Material Facts

#### A.  Chronology and Background

5   Plaintiff shares joint legal custody of this Student with his wife. However, she lives in Cranston and he lives in North Kingstown. See, Exhibit 1 attached hereto.

6   This Student is going into the fourth grade.

7   He currently resides, and at all relevant times, has resided with his mother in Cranston, and attends Cranston Public Schools.

8   This Student is a child with a disability; he has a reading disorder.

9   Defendant has determined that the Student is a student with a disability and it developed an IEP that commenced on February 2, 2015 and is effective until February 10, 2016. See, Exhibit 2 attached hereto.

10   The Student's IEP requires that he be placed in a general education classroom for eighty percent (80%) or more of the time at his legally assigned school, the Oak Lawn School.

11      On March 9, 2015 the Student's IEP team[1] met for the purpose of considering a new Neuropsychological Evaluation Report completed on February 25, 2015.

12      After reviewing the report the Student's IEP team not only decided to add some additional special education math instruction, but also decided to maintain his placement in the "general education class with special education consultation…at the Oak Lawn School, his legally assigned to school.

13      However, just two (2) short months later, on May 7, 2015 the IEP team reconvened and advised Plaintiff that Defendant has decided to change the Student's placement from "general education class with special education consultation" to an "intensive instruction class". See, Exhibit 3 attached hereto.

14      The IEP team substantially increased the amount of specialized education the Student would receive in the IEP also.

15      Plaintiff objected to this change.  See, Exhibit 4 attached hereto.

16      Thereafter on May 18, 2015, Plaintiff submitted a request to the State of Rhode Island Department of Education ("RIDE") for a special education due process hearing over his disagreement of his son's change of placement.  See, Exhibit 5 attached hereto.  Yet, on August 4, 2015 Plaintiff received notification from Defendant that his son was to be transferred to a "self contained" classroom at the Glen Hills School. See, Exhibit 6 attached hereto.

17      Plaintiff has made several good faith inquiries to ensure that while this dispute is pending that the Student "stays put" but to date the Defendant has refused to keep the Student in his existing placement at Oak Lawn Elementary School. See, Exhibit 7 attached hereto.

---

[1] In general a student with a disability's IEP consists of the parents of the child, one regular education teacher, not less than one special education teacher; a public agency representative; a person who can interpret evaluation results, at the discretion of the parents select professionals, and when appropriate, the child. See, 34 C.F.R. § 300.321; § 300.321 BRESE Regs.

18    Because RIDE did not act by August 27, 2015, Plaintiff submitted a second request to them, this time asking for " an Immediate Emergency Stay Put" Order. See, Exhibit 8 attached hereto.

19    A hearing officer from RIDE acknowledged receipt of Plaintiff's request and had tentatively scheduled a hearing for the Tuesday or Thursday of the following week. See, Exhibit 9 attached hereto.

20    However, on September 1, 2015 Plaintiff's attorney received notice from the RIDE hearing officer informing her that the matter was being handled by another person within RIDE.

21    Since that time, RIDE has not scheduled a hearing.

22    To date, Defendant is refusing and failing to make available to this Student the last agreed upon placement in his IEP at the Oak Lawn Elementary School.

23    School for the Student starts on Thursday, September 2, 2015.

24    This Student does not have nor has he demonstrated any unsafe behaviors at all.

### B.    Applicable Law

25    Under federal and state applicable special education law and regulations, a qualifying student is entitled to remain in his or her current placement pending the completion of a due process hearing unless the parties agree otherwise. 20 U.S.C. 1415 (j); *also see*, 34 C.F.R. § 300.518(a) and § 300.518 (a) of the BRESE-Regs; *Mackey v. Bd. of Educ.*, 386 F.ed 158, 163 (2d Cir. 2004) *citing Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982).

### C.    Likelihood of Success on the Merits

26    The Student in this matter is currently placed at the Oak Lawn Elementary School.

27    Through the IEP procedural process the Defendant want to change the placement.

28   However, Plaintiff has objected and has filed a due process administrative complaint with RIDE that is pending.

29   The law requires that while this dispute is pending that the Student, who is "qualified", "stay put" in his existing placement.

30   However, the Defendant has moved the Student from a general classroom environment in one school to a self-contained classroom in another school.

31   Defendant's movement of this student is in violation of the "stay put" provisions of IDEA.

32   Accordingly, Plaintiff has demonstrated a reasonable, if not probable, likelihood of success on the merits.

### D.   Irreparable Harm and Damages

33   The Defendant's failure/refusal to comply with the law will result in irreparable harm to Student.

34   The Student will suffer irreparable harm if he is moved from a general education classroom environment to a self-contained classroom environment without first going through the required due process hearing requirements of the IDEA; it will dramatically affect his ability to receive his free and appropriate public education.

### VI.   Claims for Relief

35   Plaintiff incorporates in the counts below the allegations contained in ¶¶1 through 35 above.

### COUNT ONE
*Violation of the Right to "Stay Put"*

36   Defendant has deprived Plaintiff of his child's right to "stay put" under 20 U.S.C. 1415 (j); *also see*, 34 C.F.R. § 300.518(a) and § 300.518 (a) of the BRESE-Regs.

### VII.   Prayers for Relief

Page 5 of 7

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A temporary restraining order directing the Defendant to permit the Student to go to school in the general education classroom at the Oak Lawn School and implement his existing IEP;

2. Preliminary and permanent injunctions restraining and enjoining Defendant from depriving the Student from going to the general education classrooms in the Oak Lawn School and receiving the services in his IEP completed prior to May 7, 2015 until RIDE adjudicates the dispute;

3. An award of compensatory damages;

4. An award of any other damages or relief available under applicable law;

5. An award of reasonable attorney's fees and costs of litigation to Plaintiff pursuant to 20 U.S.C. § 1400 *et seq.* and/or other applicable law;

6. Such other and further relief as this Court deems just and proper.

### VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

### IX. Designation of Trial Counsel

Plaintiff hereby designates Gregory A. Mancini, as trial counsel.

Plaintiff, **Thomas K. Ucci**
By his attorneys,
**SINAPI LAW ASSOCIATES, LTD.**

Date: September 3, 2015

/s/Gregory A. Mancini
**Gregory A. Mancini (RI BAR 5740)**
2374 Post Road, Suite 201
Warwick, RI 02886
Phone: (401) 739-9692; FAX: (401) 739-9040
Email: gmancinilaw@gmail.com

## VERIFICATION OF COMPLAINT

Now comes the Plaintiff, **Thomas K. Ucci** being duly sworn, and does hereby depose and say as follows:

1. That I am a Plaintiff in the within matter.

2. That I have read the above Complaint and acknowledge the factual allegations alleged therein to be true and accurate to the best of my knowledge, information, and belief.

3. That I have made this **Verification of Complaint** in support of my prayers therein for judgment and relief against the Defendants.

_____
Thomas K. Ucci

Subscribed and sworn to before me in _CRANSTON_ on this _2nd_ day of **September, 2015**.

RAUL MACIEL RODRIGUES
Notary Public
State of Rhode Island
Notary ID # 755474
My Commission Expires Jun 18, 2017

_____
(name) RAUL MACIEL RODRIGUES
NOTARY PUBLIC
My Commission Expires: 06/18/2017